UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

CIVIL ACTION NO. 3:06-16

AT&T CORP., *doing business as* AT&T, et al.                              PLAINTIFFS,

v.                                    **MODIFIED JUDGMENT**

ROBBIE RUDOLPH, et al.                                                    DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

In accordance with the judgment of the United States Court of Appeals for the Sixth Circuit in *BellSouth Telecommunications, Inc., et al., v. John Farris, Secretary of the Finance and Administration Cabinet, Commonwealth of Kentucky, et al.*, Nos. 07-5397 & 07-5427 (6th Cir. Sept. 9, 2008), the Court hereby ORDERS AND ADJUDGES that:

(1)  The Court's Judgment entered on February 27, 2007, is hereby WITHDRAWN and replaced with this Modified Judgment;

(2)  Judgment is hereby entered in favor of the Plaintiffs on their claims that KRS § 136.616(3) infringes Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, to the extent that those claims relate to the statute's prohibition against separately stating the tax on their customers' bills in order to recover the costs of the gross revenues tax;

(3)  Judgment is hereby entered in favor of the Defendants on Plaintiffs' claims that KRS § 136.616(3) infringes Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, to the extent those claims relate to the statute's prohibition against the non-expressive conduct of directly collecting the gross revenues tax from the providers' customers;

(4) Judgment is hereby entered in favor of the Defendants on Plaintiffs' claim that KRS § 136.616(3) infringes Plaintiffs' rights under the Dormant Commerce Clause;

(5) Defendants are hereby ENJOINED from enforcing or seeking to enforce KRS § 136.616(3) and from applying or seeking to apply the penalty provided in KRS § 136.990(11) to prohibit Plaintiffs from using line items in their customers' bills to recover the costs of the gross revenues tax, so long as Plaintiffs do not purport to shift the legal incidence of the tax by describing the line item as a direct tax on the customers themselves;

(6) All parties shall bear their own fees and expenses for this case; and

(7) This matter is STRICKEN from the active docket of this Court.

Dated this ___th day of October, 2008.